## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILGOT E. JACOBSSON**            **CIVIL ACTION**

**VERSUS**            **NO. 20-507-BAJ-RLB**

**TRADITIONS SENIOR MANAGEMENT, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 23, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILGOT E. JACOBSSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-507-BAJ-RLB** |
| **TRADITIONS SENIOR MANAGEMENT, INC., ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File First Amending and Supplemental Complaint for Wrongful Death and Survivor's Damages ("Motion to Amend"). (R. Doc. 7). The motion is opposed. (R. Doc. 8). Plaintiff filed a Reply. (R. Doc. 18).

Also before the Court is Plaintiff's Motion for Remand. (R. Doc. 9). The motion is opposed. (R. Doc. 12).

**I.    Background**

On or about July 6, 2020, Wilgot E. Jacobsson ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, naming as defendants Traditions Senior Management, Inc. ("Traditions") and Momin Afrede ("Afrede") (collectively, "Defendants"). (R. Doc. 1-4 at 13-22). Plaintiff alleges that after his mother, Patricia K. Jacobsson, underwent hip surgery, she was admitted into CPlace Forest Park SNF, LLC d/b/a Nottingham Regional Rebab Center ("Nottingham Center"), which is managed by Traditions. (R. Doc. 1-4 at 13-14). Plaintiff alleges that his mother contracted Hepatitis A at the Nottingham Center and, after being admitted to the Emergency Department at Our Lady of the Lake Regional Medical Center, died of hepatic failure on January 23, 2020. (R. Doc. 1-4 at 14). Plaintiff further alleges that his mother's injuries and death were "the direct result and product of the financial and control policies and

1

practices forced upon the [Nottingham Center] by the financial limitations imposed upon the [Nottingham Center] by [Traditions] while acting in concert with [Afrede], the administrator of the [Nottingham Center]." (R. Doc. 1-4 at 16).

Plaintiff seeks to recover damages resulting from Defendants' negligence, including lost chance of survival, wrongful death, and loss of consortium. (R. Doc. 1-4 at 15-16).  Plaintiff specifically alleges that Defendants' "actions and failures constitute administrative negligence" – as opposed to medical malpractice – citing the Louisiana Supreme Court decisions *Scio v. University Medical Center Management Corporation,* 280 So.3d 1135 (La. 2019) and *LaCoste v. Pendleton Methodist Hosp. LLC,* 966 So.2d 519 (La. 2007). (R. Doc. 1-4 at 15).  While Plaintiff asserts this is an administrative negligence action, Plaintiff admits that on March 20, 2020, the Patients Compensation Fund, State of Louisiana, Division of Administration, issued correspondence confirming his request for a medical malpractice panel with respect to the Nottingham Center, a qualified health care provider under the Louisiana Medical Malpractice Act ("LMMA"). (R. Doc. 1-4 at 14 n.1).

On August 6, 2020, Defendants removed the action asserting the Court can properly assert diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).  Defendants assert that the amount in controversy is facially apparent in light of the damages sought in the Petition. (R. Doc. 1 at 3-5).  With respect to diversity of citizenship, Defendants assert that Plaintiff is a citizen of Louisiana, Traditions is a citizen of Nevada and Florida, and Afrede's citizenship[1] is irrelevant because he is an improperly joined defendant. (R. Doc. 1 at 2-3).  More specifically, Defendants assert that "Afrede did not start his employment, or engage in any activity at all, at the facility in

---

[1] There is no dispute that Afrede is a citizen of the State of Louisiana.

2

question until February 17, 2020, after plaintiff's mother was deceased." (R. Doc. 1 at 3). Afrede has executed an affidavit in support of this assertion. (R. Doc. 1-4 at 70-72).

On August 11, 2020, Traditions and Afrede each filed a motion to dismiss. (R. Docs. 2, 3). Plaintiff's deadline for opposing these motions to dismiss has been continued until after resolution of the instant Motion to Amend and Motion for Remand. (R. Doc. 11).

On August 31, 2020, Plaintiff filed his Motion to Amend, which seeks to substitute Chris Delrie ("Delrie") in place of Afrede. (R. Doc. 7). The proposed amended pleading asserts that Delrie is believed to be a "resident of the State of Louisiana." (R Doc. 7-1 at 1).[2] In opposing the motion, Defendants assert that the proposed substitution of Delrie as a defendant is sought solely to defeat diversity jurisdiction and should be denied under 28 U.S.C. § 1447(e) and the governing factors under *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). (R. Doc. 8). Among other things, Defendants assert that Delrie "was not present at the facility at any time during Jacobsson's admission" and that Plaintiff's claims are otherwise premature under the LMMA in light of *Coleman v. Deno*, 813 So.2d 303 (La. 2002). (R. Doc. 8 at 5-6; *see* R. Doc. 2-1 at 5-16). In reply, Plaintiff argues that amendment should be allowed under Rule 15(a)(2) and the *Hensgens* factors, primarily because amendment was sought less than 60 days after the filing of the Petition and amendment would not cause the Defendants any undue prejudice. (R. Doc. 18).

On September 4, 2020, Plaintiff filed his Motion to Remand, asserting that there is no diversity jurisdiction in this action under the original Petition or, if amendment is allowed, the Amended Complaint. (R. Doc. 9). Plaintiff asserts that Defendants have not met their burden of establishing that he has no possibility of recovery against either Afrede or Delrie. Plaintiff

---

[2] There is no dispute that Delrie is a citizen of the State of Louisiana.

3

specifically asserts that the timing of Afrede's and Delrie's employment is insufficient to establish that either individual is an improperly joined defendant. (R. Doc. 9-1 at 9-10). In opposition, Defendants argue that "[n]either Afrede nor Chris Delrie are properly joined defendants because neither individual was involved in any way whatsoever with the care, treatment, and/or administrative oversight provided to plaintiff's mother" and "because action against either individual is premature pursuant to the [LMMA]." (R. Doc 12 at 1). Defendants argue that the Court should "pierce the pleadings" to conclude that neither Delrie nor Afrede are properly joined as defendants. (R. Doc. 12 at 7-9).

## II. Law and Analysis

### A. Whether Afrede was Improperly Joined at the Time of Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[3] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d

---

[3] There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether Afrede was improperly joined as a defendant in the original Petition.

4

278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. As the removing Defendants have not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, the Court will only consider the latter test for improper joinder. In that situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* The summary inquiry is appropriate only to identify discrete and undisputed facts:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its

5

>necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id*. As examples of "discrete and undisputed facts" that could be identified through jurisdictional discovery, the Fifth Circuit offered: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12. Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

"[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). If a court determines that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Id*. at 209. This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits. *Id*. at 210. When applying the improper joinder test, a federal court reads the original State court pleading through the lens of the federal pleading standards. *Id.* at 203.

Here, Plaintiff seeks remand based on both the inclusion of the non-diverse defendant Afrede in the original Petition and the substitution of Afrede with Delrie in the proposed amended pleading. (R. Doc. 9). The first issue to be addressed is whether Afrede was

6

improperly joined as a defendant at the time of removal. If he was not improperly joined, then remand is appropriate without consideration of Plaintiff's Motion to Amend.

Plaintiff argues that Defendants have not met their burden of establishing that Afrede was improperly joined because they "lodge a factual argument that rests upon assertions that Afrede did not work at the subject rehabilitation center until after Patricia Jacobsson died." (R. Doc. 9-1 at 1). In opposition, Defendants submit an affidavit sworn and subscribed by Afrede on August 5, 2020, providing that he was not an employee of the Nottingham Center, or any other Traditions-managed facility, prior to February 17, 2020, and did not provide any services, treatment, or administrative oversight to Patricia Jacobsson. (R. Doc. 12-2; *see* R. Doc. 1-4 at 70-72). Based on these assertions, Defendants argue that Afrede was an improperly joined defendant because Plaintiff does not possess a reasonable basis of recovery against Afrede. (R. Doc. 12 at 7-9). Defendants also argue that Afrede is improperly joined because Plaintiff's claims against Afrede sound under the LMMA and were not properly exhausted. (R. Doc. 12 at 9-17).

Having considered the arguments of the parties, the Court concludes that Defendants have met their burden of establishing that Afrede was improperly joined as a defendant in light of his uncontroverted affidavit. The affidavit establishes that Afrede was not involved in any services, treatment, or administrative oversight to Plaintiff's mother. Contrary to Plaintiff's assertions, the Ninth Circuit's decision in *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) is inapplicable. In *Thrower*, the defendant did not prove improper joinder despite the submission of a declaration by the non-diverse defendant in which she "denied the allegations and emphasized that her role is largely administrative." *Id*. at 551. In addition to not being controlling in this Circuit, the *Thrower* decision is inapplicable because the

7

non-diverse defendant was an administrator at the facility at issue during the relevant periods of admission. The sole issue raised by the declaration was the scope of the administrator's authority. Here, there is no dispute that Afrede was not employed as an administrator until after Plaintiff's mother's death and did not provide her any services, treatment, or administrative oversight. That discrete and undisputed fact establishes that Afrede was improperly joined as a defendant.

In concluding that Afrede is an improperly joined defendant based on the timing of his employment, the Court need not reach the issue of whether Plaintiff's claims against Afrede are premature claims brought under the LMMA.[4] Given the foregoing, the Court finds that Defendants have established that Afrede is an improperly joined defendant, and the Court can properly exercise diversity jurisdiction over this action.

### B. Whether Amendment to Substitute Delrie as a Non-Diverse Defendant is Proper

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's

---

[4] The Fifth Circuit has held that a non-diverse healthcare provider is improperly joined as a defendant in a products liability action where the plaintiff has failed to exhaust claims brought under the LMMA. *See Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016). In *Flagg*, the plaintiff, who allegedly underwent unsuccessful toe implant surgery, asserted medical malpractice claims against non-diverse healthcare providers and products liability claims against diverse medical device manufacturers. In finding that the plaintiff failed to exhaust his claims against the non-diverse healthcare providers as required by the LMMA, the Fifth Circuit concluded that the plaintiff had no possibility of recovery against the healthcare providers. *Flagg*, 819 F.3d at 137-138. The Fifth Circuit has also held, however, that where the same defense applies uniformly to defeat claims against all defendants, this common defense demonstrates a meritless suit rather than improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 574-75. In such cases, the in-state defendants are not improperly joined, and remand for lack of diversity jurisdiction is proper. *Id.* Accordingly, if the Court concluded that Plaintiff's claims against Afrede are in fact brought under the LMMA, it appears that the common-defense doctrine would preclude a finding of improper joinder based on Afrede's failure to exhaust because Traditions has raised the same defense on the merits. (*See* R. Doc. 1-4 at 24-53; R. Doc. 3). Because it is uncontroverted that Afrede was not an employee of Traditions until after the death of Plaintiff's mother, the Court need not determine whether Plaintiff's claims against Afrede are premature claims under the LMMA for the purposes of determining subject matter jurisdiction.

leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Since joinder of a nondiverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four

9

factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*.

There is no dispute that Delrie is a citizen of the State of Louisiana and, if amendment is allowed, his addition as a non-diverse defendant would destroy complete diversity. Having considered the *Hensgens* factors and Rule 15(a)(2), the Court finds it appropriate to deny Plaintiff's Motion for Leave.

The first factor weighs in favor of denying amendment. Immediately after seeking amendment to substitute Delrie as a defendant in place of Afrede, Plaintiff sought remand of this action. Plaintiff has not conducted any discovery and does not explain why he did not name Delrie as a defendant at the time the original action was filed. In arguing that he is not seeking amendment for the purpose of defeating federal jurisdiction, Plaintiff relies on the false premise that the Court lacked subject matter jurisdiction at the time of removal. More specifically, Plaintiff asserts that "there is no purpose in seeking the amendment to defeat federal jurisdictional because federal jurisdiction was already defeated as more fully detailed in Plaintiff's motion to remand." (R. Doc. 18 at 3). As discussed above, the Court has concluded that it properly exercised subject matter jurisdiction at the time of removal.

While Plaintiff was not dilatory in seeking amendment, the fact that Plaintiff filed a Motion to Remand days after filing his Motion to Amend demonstrates that the purpose of seeking amendment is to defeat diversity jurisdiction by amending claims against an improperly joined defendant after removal. *See Planeta, LLC v. Scottsdale Ins. Co.*, No. 18-3323, 2019 WL

10

3067111, at *3 (S.D. Tex. Jan. 9, 2019) (denying remand because the primary purpose of the amendment was to defeat diversity jurisdiction and amendment was otherwise futile); *Peveto v. Invista S.A. R.L.*, No. 16-3, 2016 WL 4942047, at *10-11 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*, 2016 WL 4917565 (E.D. Tex. Sept. 15, 2016) (same); *see also Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. 09-1596, 2010 WL 1491422, at *5 (N.D. Tex. Apr. 13, 2010) ("Plaintiffs amended their complaint and contemporaneously filed their motion to remand. The timing of these two acts suggests that the purpose of the amendment was to defeat jurisdiction.").

     Furthermore, amendment appears to be futile as Plaintiff's claims against Delrie would not survive a motion to dismiss for failure to state a claim. *See Stripling*, 234 F.3d at 872-73. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

Plaintiff's proposed amended pleading seeks to substitute Delire in place of Afrede with respect to all allegations in the original Petition, without any specific factual allegations with respect to Delrie's alleged personal involvement in the implementation of policies and procedures resulting in the alleged administrative negligence. (*See* R. Doc. 7-1). Defendants represent that "Delrie was not present at the facility at any time during Jacobsson's admission" and had, in fact, "left his position at Nottingham more than eight months prior to Jacobsson's initial admission to the facility." (R. Doc. 8 at 5; R. Doc. 12 at 3). Defendants submit an affidavit sworn and subscribed by Delrie on September 3, 2020 providing that he was not an employee of the Nottingham Center after March 19, 2019, and did not provide any services, treatment, or administrative oversight to Patricia Jacobsson. (R. Doc. 8-2). Despite filing a reply memorandum in support of amendment, Plaintiff does not address these assertions, other than raising the conclusory argument that "the amendment is not futile as it specifically alleges cognizable claims against both defendants under ordinary negligence theories of Louisiana law." (R. Doc. 18 at 3). While the Court need not decide the merits-based issue of whether Plaintiff is seeking to allege a medical malpractice claim (as opposed to an administrative negligence claim) against Delrie, the Court observes that the proposed pleading provides no specific factual allegations providing any plausible causal link between any policies or procedures put in place by Delrie and the death of Plaintiff's mother.

The remaining factors weigh against allowing amendment. Plaintiff does not raise any specific arguments in support of a finding that he would be significantly injured if amendment were not allowed. At most, Plaintiff raises the conclusory argument that he "will suffer undue prejudice by not being allowed to amend his pleading a single time where he sought to do so within 60 days of the originally-filed petition in state court." (R. Doc. 18 at 3 n.1). As discussed

above, while Plaintiff timely sought amendment, it appears that the sole purpose of seeking amendment is to defeat diversity jurisdiction. Plaintiff will not be significantly injured as he may seek to file a claim against Delrie in state court. Under these circumstances, a denial of amendment is appropriate.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File First Amending and Supplemental Complaint for Wrongful Death and Survivor's Damages (R. Doc. 7) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Remand. (R. Doc. 9) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a briefing schedule be put in place on the pending motions to dismiss. (R. Docs. 2, 3).

Signed in Baton Rouge, Louisiana, on February 23, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**