# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILGOT E. JACOBSSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **TRADITIONS SENIOR MANAGEMENT, INC., ET AL.** | **NO. 20-00507-BAJ-RLB** |

## ORDER

Before the Court are two motions: Plaintiff's Motion for Leave to File First Amending and Supplemental Complaint for Wrongful Death and Survivor's Damages (Doc. 7) ("Motion to Amend"), and Plaintiff's Motion for Remand, (Doc. 9). On February 23, 2021, the Magistrate Judge issued a Report and Recommendation recommending that each Motion be denied. (Doc. 19). Plaintiff objects to the Magistrate Judge's recommendation, (Doc. 20), and Defendants have responded to Plaintiff's objection. (Doc. 21).

Having carefully considered Plaintiffs' Motions, Defendants' oppositions, and related filings—including Defendants' Notice of Removal (Doc. 1), and Plaintiff's original Petition for Wrongful Death and Survivor's Damages (Doc. 1-4)—the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter, with the following addition: Defendant Momin Afrede will be dismissed with prejudice from this action. The Court reasons as follows:

The Magistrate Judge correctly concluded that the Court may exercise

diversity jurisdiction over this action despite Mr. Afrede being a non-diverse Louisiana citizen, because Mr. Afrede was fraudulently joined at the time of removal. (Doc. 19 at 4-9). To reach this conclusion, the Magistrate Judge "pierced" the pleadings and conducted a limited "summary inquiry," as instructed by the U.S. Fifth Circuit Court of Appeals in *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003), and the cases cited therein. Relying principally on an affidavit submitted by Mr. Afrede—which establishes that he was *not* an employee of Defendant Traditions Senior Management, Inc. until February 17, 2020, nearly one month *after* the events underlying Plaintiffs' wrongful death action, (Doc. 12-2)—the Magistrate Judge concluded that Plaintiff has no possibility of recovery against Mr. Afrede, and his citizenship must be disregarded for purposes of diversity jurisdiction. (Doc. 19 at 8-9). Hence, removal was proper.

Having determined that Plaintiff has no possibility of recovery on any his claims against Mr. Afrede, it follows that he should be dismissed with prejudice from this action. Indeed, this result is consistent with Plaintiff's own request to *substitute* proposed Defendant Chris Delrie for Mr. Afrede for all purposes in Plaintiff's original Petition. (*See* Doc. 7-1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amending and Supplemental Complaint for Wrongful Death and Survivor's Damages (Doc. 7) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (Doc. 9) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Momin Afrede be and is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Momin Afrede's Rule 12(b)(6) Motion To Dismiss (Doc. 2) be and is hereby **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion For Leave To File Response To Plaintiff's Objection To Report And Recommendation (Doc. 22) be and is hereby **GRANTED**. In reaching the conclusions stated herein, the Court considered Defendants' arguments set forth in their March 17, 2021 Response To Plaintiff's Objections To Report And Recommendations (Doc. 21).

**IT IS FURTHER ORDERED** that Defendants' Motion To Strike Response To Plaintiff's Objection To Report And Recommendation (Doc. 23) be and is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 24th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**