# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILGOT E. JACOBSSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **TRADITIONS SENIOR MANAGEMENT, INC., ET AL.** | **NO. 20-00507-BAJ-RLB** |

## ORDER

Before the Court is Defendant Traditions Senior Management, Inc.'s ("Traditions") Rule 12(b)(6) Motion to Dismiss. (Doc. 3). Traditions argues that Plaintiff has not pleaded sufficient facts allowing Traditions "to prepare a defense" to Plaintiff's claim of administrative negligence, (*id.* at 1), in part due to confusion caused by Plaintiff having named Traditions' employee Momin Afrede "as the 'Managing Employee' (a/k/a 'Administrator')" in the Original Petition. (*See* Doc. 3-2 at ¶ 1). In fact, as determined in the Court's March 24, 2021 Order, Mr. Afrede was *not* employed by Traditions until February 17, 2020—nearly one month *after* the events underlying Plaintiffs' wrongful death action—and therefore could *not* have been responsible for the alleged administrative negligence resulting in Patricia Jacobsson's untimely death. (*See* Doc. 24 at 2 (Order adopting Report and Recommendation and dismissing Mr. Afrede with prejudice)).

After Traditions filed its Motion to Dismiss, Plaintiff clarified his allegations, stating that former Traditions employee Chris Delrie was actually responsible for

implementing the allegedly negligent policies and practices at issue, *not* Mr. Afrede. (*See* Doc. 7 ¶ 1 (seeking to substitute Mr. Delrie for Mr. Afrede for all purposes "due to recently discovered information"). In the interests of justice, the Court will take judicial notice of Plaintiff's clarification when considering Traditions' Motion to Dismiss. *See Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) ("When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (quotation marks omitted)). Further, in fairness to Traditions, and without passing any judgment on the merits of Traditions' position that Plaintiff's action must be dismissed in its entirety, the Court will allow Traditions the opportunity to address Plaintiff's clarification in the context of its arguments supporting its Motion to Dismiss.[1]

Accordingly,

**IT IS ORDERED** that Defendant Traditions Senior Management, Inc.'s Rule 12(b)(6) Motion to Dismiss (Doc. 3) be and is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Traditions shall file its renewed motion to dismiss, which shall address Plaintiff's clarified allegations that Mr. Delrie *not* Mr.

---

[1] In reaching this conclusion, the Court does *not* disturb its Order denying Plaintiff's request to substitute Mr. Delrie for Mr. Afrede as a named Defendant. (*See* Doc. 24). To be clear, following the Court's March 24, 2021 Order, Traditions remains the *only* named Defendant in this action because Plaintiff's belated attempt to substitute Mr. Delrie as a named Defendant would destroy jurisdiction. (*See id.*).

Afrede was the administrator actually responsible for implementing the allegedly negligent policies and practices at issue, within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file his opposition to Traditions' renewed motion, if any, within the time limits provided by Local Rule 7(f).

Baton Rouge, Louisiana, this 25th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**